UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

| | |
|---|---|
| NATHAN HALE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EFINANCIAL LLC and JOHN DOES 1-25,<br><br>Defendants. | No. 2:16-cv-1115<br><br>COMPLAINT—CLASS ACTION<br><br>JURY TRIAL DEMANDED |

## **INTRODUCTION**

1.  Plaintiff Nathan Hale ("Plaintiff") brings this Class Action Complaint against EFINANCIAL LLC ("Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for willfully employing and/or causing to be employed certain recording equipment in order to record the telephone conversations of Plaintiff without the knowledge or consent of Plaintiff, in violation of the Washington Privacy Act, RCW 9.73.030 ("WPA"), thereby invading Plaintiff's privacy; and the Washington Consumer Protection Act, RCW § 19.86 *et seq.* ("CPA"). Plaintiff alleges as follows upon personal knowledge as

CONCORD LAW, P.C.
144 RAILROAD AVE STE 220
EDMONDS WA 98020-4121
(206) 512-8029

1
2

to Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including the investigation conducted by Plaintiff's attorneys.

### JURISDICTION AND VENUE

2. Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiff, a resident of California, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, a company with its principal place of business and State of Incorporation in the State of Washington.  Plaintiff also seeks up to $1,000.00 in damages pursuant to RCW 9.73.060 of the WPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction.  Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3. Venue is proper in the United States District Court for the Western District of Washington pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Washington.

### PARTIES

4. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of California.

5. Plaintiff is, and at all times mentioned herein was a "person" as defined by the CPA.

6. Defendant is a corporation with a principal office located at 13810 SE Eastgate Way, Ste. 300, Bellevue, WA 98005.

7. Defendant is a "business" as defined by the CPA.

COMPLAINT—CLASS ACTION          – 2 –

8. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

9. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure Rule 23 (hereinafter "Rule 23"), individually and on behalf of the following consumer class (the "Class"):

- All persons whose outbound and inbound telephone conversations were recorded without their consent by Defendant within one year prior to the filing of the original Complaint in this action.

- The Class period begins one year to the filing of this Action.

10. The Class satisfies all of the Rule 23 requirements for maintaining a class action:

11. Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons whose calls were being recorded in violation of RCW 9.73.030. Plaintiff is complaining of uniform illegal call recording practices;

12. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

a) Whether Defendant has a policy of recording outgoing calls;

b) Whether Defendant discloses to callers and/or obtains their consent that their outgoing telephone conversations were being recorded;

c) Whether Defendant's policy of recording outbound and inbound calls constituted a violation of RCW 9.73.030.

COMPLAINT—CLASS ACTION          – 3 –

d) Whether Plaintiff and the Class were damaged thereby, and the extent of damages for such violations; and

e) Whether Defendants should be enjoined from engaging in such conduct in the future.

13. Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

14. Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

15. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

16. A Class Action is superior to other methods for the fair and efficient adjudication of the claims asserted herein. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

17. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutorily protected rights as well as monetary damages. If Defendant's conduct is allowed to proceed without remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.

18. Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

COMPLAINT—CLASS ACTION          – 4 –

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **ALLEGATIONS OF FACT**

19. All preceding paragraphs are realleged.

20. Beginning in or around July of 2015, Defendant began contacting Plaintiff by telephone in an attempt to sell Plaintiff its insurance services.  During this time, Plaintiff had at least one (1) telephone communication with certain employees, officers and/or agents of Defendant.  Plaintiff is informed and believes, and thereon alleges, that Defendant first obtains highly personal and confidential information from consumers prior to warning that the telephonic communication is being monitored, recorded and/or eavesdropped upon by Defendant.

21. Specifically, on or about July 22, 2015, Defendant contacted Plaintiff in order to discuss Plaintiff's insurance.

22. During this conversation with Defendant, Plaintiff discussed highly personal and private information that Plaintiff had not openly discussed with others. The conversation went as follows:

> Defendant: "Hi is Nathan there."
>
> Plaintiff: "This is him."
>
> Defendant: "Hi Nathan this is Kelsie. I'm calling from E-Financial Fidelity Life Insurance, and I'm responding to your request for the insurance pricing. I just need to verify a couple pieces of information and I will get you over. Is that OK?"
>
> Plaintiff: "Uh, can you actually cancel that for me, please?"
>
> Defendant: "Have you already found coverage, or?"
>
> Plaintiff: "Yeah, I went through Farmers."
>
> Defendant: "Oh, you went through Farmers. Ok. I'll do that. Thank you."

COMPLAINT—CLASS ACTION          – 5 –

CONCORD LAW, P.C.
144 RAILROAD AVE STE 220
EDMONDS WA 98020-4121
(206) 512-8029

Plaintiff: "Thank you."

Defendant: "Mhm. Bye-Bye."

23. Plaintiff had no reasonable expectation that any part of Plaintiff's cellular telephone conversation with Defendant would be monitored, recorded and/or eavesdropped upon due to the private subject matter being discussed. Should Plaintiff have known that said conversation was being recorded, Plaintiff would have conducted and spoken differently to the representative of Defendant.

24. Plaintiff was shocked to discover that such a confidential communication was being monitored, recorded and/or eavesdropped upon by Defendant without Plaintiff's knowledge or consent.

25. At no time during the July 22, 2015 call did Plaintiff give consent for the telephone call to be monitored, recorded and/or eavesdropped upon.

26. Plaintiff is informed and believes, and thereon alleges, that during the relevant time period, Defendant has had a policy and a practice of recording and/or monitoring telephone conversations with consumers. Defendant's employees and agents are directed, trained and instructed to, and do, record, monitor, and/or eavesdrop upon telephone conversations with the public, including Plaintiff and other California residents.

27. Plaintiff is informed and believes, and thereon alleges that Defendant has installed and/or caused to be installed certain eavesdropping, and listening equipment in its employees' or agents' telephone lines. Defendant uses these devices to overhear, record, and listen to each and every telephone conversation on said telephone lines.

28. Plaintiff is informed and believes, and thereon alleges, that during the relevant time period, Defendant has had all of its calls to the public, including those made to California residents,

COMPLAINT—CLASS ACTION          – 6 –

recorded, monitored, and/or eavesdropped upon without the knowledge or consent of the public, including Plaintiff and other California residents.

## COUNT I

## VIOLATIONS OF THE WASHINGTON PRIVACY ACT (WPA)

## RCW § 19.73.030

29. All preceding paragraphs are realleged.

30. Pursuant to the RCW 9.73.030,

> "[I]t shall be unlawful for any individual, partnership, corporation, association, or the state of Washington, its agencies, and political subdivisions to intercept, or record any:
>
> (a)   Private communication transmitted by telephone, telegraph, radio, or other device between two or more individuals between points within or without the state by any device electronic or otherwise designed to record and/or transmit said communication regardless how such device is powered or actuated, without first obtaining the consent of all the participants in the communication." RCW 9.73.030.

31. Defendant caused to be employed certain recording equipment on the telephone lines of all employees, officers, directors, and managers of Defendant.

32. Plaintiff is informed and believes, and thereupon alleges, that all these devises were maintained and utilized to record each and every outgoing telephone conversation over said telephone lines.

33. Based on the foregoing, Plaintiff and the members of The Class are entitled to, and below herein do pray for, their statutory remedies and damages, including but not limited to, those set forth in RCW 9.73.090.

COMPLAINT—CLASS ACTION          – 7 –

## COUNT II

## VIOLATIONS OF THE WASHINGTON CONSUMER PROTECTION ACT (CPA)
## RCW § 19.86 *et seq.* (*In The Alternative*)

34. All preceding paragraphs are realleged.

35. In the alternative to a *per se* violation of Washington's CPA as alleged *Supra,* Defendant's collection actions are still "unfair" and "deceptive" as those terms are ambiguously defined and liberally construed to protect consumers (*see* RCW § 19.86.920).

36. To determine what constitutes an unfair act or practice under Washington's CPA, Washington courts look to the various federal statutes dealing with similar matters. *Lightfoot v. MacDonald,* 86 Wash. 2d 331, 335, 544 P.2d 88 (1976).

37. The court in *Lightfoot* stated:

> ...we are directed by the statute to look to "the various federal statutes dealing with the same or similar matters" in resolving questions which arise under the state act.

*Lightfoot* at 335.

38. One such federal statute which Washington courts look to in determining if a particular act is unfair under Washington's CPA, is the *Federal Trade Commission Act*, after which Washington's CPA was modeled, and which states: "Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are hereby declared unlawful." *See* 15 U.S.C. § 45(a)(1).

39. The WPA, which proscribes specific unfair acts when soliciting customer services, is another statute that is unfair and violative of the state Consumer Protection Act.

40. In addition to examining federal statutes to determine if a specific act is unfair and violative of the CPA, Washington Courts also give great weight to

COMPLAINT—CLASS ACTION          – 8 –

Federal Trade Commission (FTC) interpretations of conduct that is unfair or deceptive. *Testo v. Dunmire Oldsmobile, Inc.,* 554 P.2d 349 (1976) citing *Tradewell Stores, Inc. v. T. B. & M., Inc.,* 7 Wn. App. 424, 500 P.2d 1290 (1972); (examining cases arising under the Federal Trade Commission Act), 15 U.S.C. § 45; and RCW § 19.86.920.

41. In *Testo,* the court stated:

> The courts of this state are specifically directed to "be guided by" federal court interpretations of those various federal statutes after which our Consumer Protection Act is patterned.
>
> *Testo* at 357.

42. Based on the above federal and state statutes and case law, this Court should use the RCW 9.73.030 standards of unfair and deceptive practices to determine if the defendant violated Washington's CPA in the case at hand.

43. Defendants violated the RCW 9.73.030 in this case. See *Supra.*

44. Where Defendant's collection attempts are unfair and deceptive acts or practices in violation of the RCW 9.73.030, Defendant's solicitation attempts are likewise unfair acts or practices under this state's Consumer Protection Act.

45. Therefore, Defendant committed unfair acts or practices in the conduct of trade or commerce and violated the Washington Consumer Protection Act as codified in RCW § 19.86, *et seq.*, where Defendant's solicitation actions violated the Washington Privacy Act.

46. Regardless, Defendant's collection actions were "unfair" and "deceptive" violations of the Consumer Protection Act, as those broad, undefined, and ambiguous terms are applied to this remedial statute that must be liberally construed to protect plaintiffs.

CONCORD LAW, P.C.
144 RAILROAD AVE STE 220
EDMONDS WA 98020-4121
(206) 512-8029

47. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated the Washington Consumer Protection Act, actual damages, statutory damages, costs and attorneys' fees.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Ryan M. Pesicka, Esq., as Class Counsel;

(b)     Awarding Plaintiff and the Class statutory damages;

(c)     Awarding Plaintiff and the Class actual damages;

(d)     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e)     Awarding pre-judgment interest and post-judgment interest; and

(f)     Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Date: July 19, 2016

Respectfully submitted,

s/ Ryan M. Pesicka

Ryan Pesicka, WSBA 48182
Concord Law, P.C.
144 RAILROAD AVE STE 220
EDMONDS WA 98020-4121
(206) 512-8029  F: (206) 512-8914
ryan@concordlawseattle.com
*Attorney for Plaintiff*

*TO BE ADMITTED PRO HAC VICE*
Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
8730 Wilshire Blvd #310
Beverly Hills, CA 90211
(323) 285-3255  F: 866-633-0228
TFriedman@toddflaw.com
*Attorneys for Plaintiff*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, individually and on behalf of all others similarly situated, demands a trial by jury on all questions of fact raised by this Complaint.

Date: July 19, 2016                                    s/ Ryan Pesicka

Ryan Pesicka, WSBA 48182

COMPLAINT—CLASS ACTION            – 11 –